FILED
2016 Oct-24  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **LIBERTY CORPORATE CAPITAL LIMITED,** | ) ) ) | |
| **Plaintiff/Counterclaim Defendant** | ) ) ) | |
| **v.** | ) ) | |
| **CLUB EXCLUSIVE, INC.,** | ) ) | |
| **Defendant/Counterclaimant** | ) ) | |
| _____ | ) | **CIVIL ACTION NO.:** |
| **CLUB EXCLUSIVE, INC.** | ) | **1:16-CV-791-VEH** |
| **Defendant/Counterclaimant** | ) ) | |
| **v.** | ) ) | |
| **WESLEY CHARLES DUESENBERG, JR., et al.,** | ) ) ) | |
| **Counterclaim Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

Currently pending before the court are Marian Washburn ("Ms. Washburn")

and Wesley Charles Duesenberg, Jr. ("Mr. Duesenberg")'s Motions To Dismiss

claims brought against them by Club Exclusive, Inc. ("Club Exclusive"). (Docs.

29 and 33). For the reasons stated below, Ms. Washburn and Mr. Duesenberg's Motions To Dismiss are due to be **GRANTED**.

## II.   PROCEDURAL HISTORY

Ms. Washburn is an insurance agent licensed in the state of Alabama. (Doc. 12 at 26, ¶ 3). Mr. Duesenberg is a surplus lines broker licensed in the state of Alabama. (Doc. 12 at 26-27, ¶ 4). According to defendant and counter-claimant Club Exclusive, both Ms. Washburn and Mr. Duesenberg are "Agent[s] or Employee[s] working . . . within the scope of such agency and/or employment of Counter-Defendant Liberty." (Doc. 12 at 26, ¶ 3, 27, ¶ 4).

Club Exclusive purchased an insurance policy known as a Commercial Building Policy from plaintiff Liberty Corporate Capital Limited ("Liberty"). (Doc. 12 at 29, ¶ 7). The policy in question was "sold by Washburn who placed coverage with surplus lines broker, Duesenberg." (*Id.*). At some time between July 14, 2015, and July 16, 2015, the building covered by the insurance and its contents caught fire and were destroyed. (*Id.* at 29, ¶ 7-8 and 31, ¶ 13). Club Exclusive reported to Liberty the damages to and losses sustained by the property. (*Id.* at 31, ¶ 13).

Liberty initiated this insurance action against Club Exclusive on May 13, 2016, seeking a declaratory judgment of its rights and obligations under the

insurance policy it issued to Club Exclusive. (Doc. 1). On June 22, 2016, Club

Exclusive filed counterclaims against Liberty for breach of contract, bad faith, and

negligent hiring, training, monitoring, and supervision of Ms. Washburn and Mr.

Duesenberg. (Doc. 12 at 47-52, ¶¶42-46; *Id.* at 52-61, ¶¶47-58; *Id.* at 68-70, ¶¶69-

72). In the same pleading, Club Exclusive also asserted claims against Ms.

Washburn and Mr. Duesenberg for negligent procurement of insurance and breach

of contract to procure insurance. (Doc. 12 at 35-41, ¶¶20-30; *Id.* at 61-65, ¶¶59-63;

*Id.* at 41-47, ¶¶31-41; *Id.* at 65-68, ¶¶ 64-68). On August 19, 2016, Mr.

Duesenberg filed a Motion To Dismiss all claims made by Club Exclusive against

him. (Doc. 29). On August 22, 2016, Ms. Washburn filed a Motion To Dismiss all

claims made by Club Exclusive against her. (Doc. 33). Club Exclusive has not

responded to either Motion, and the time to do so has expired. The Motions are

now ripe for disposition.

## II.    STANDARD

A Rule 12(b)(6) motion attacks the legal sufficiency of a complaint. FED. R.

CIV. P. 12(b)(6) ("[A] party may assert the following defenses by motion: (6)

failure to state a claim upon which relief can be granted[.]"). The complaint must

provide a short and plain statement of the claim that will "give the defendant fair

notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*

*v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (quoting FED.
R. CIV. P. 8(a)(2)), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also* FED. R. CIV. P. 8(a)
(requiring that general pleading in a complaint include "a short and plain
statement of the claim showing that the pleader is entitled to relief").

   While Rule 8 does not require that "detailed factual allegations" be included
within a complaint, a plaintiff must set forth grounds for entitlement to relief to
survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (citing
*Conley*, 355 U.S. at 47, 78 S. Ct. at 103). Once a claim has been set forth
adequately, it may be "supported by showing any set of facts consistent with the
allegations in the complaint." *Twombly,* 550 U.S. at 563, 127 S. Ct.  at 1969.

   If well-pleaded factual allegations support the complaint, a court "should
assume their veracity and then determine whether they plausibly give rise to an
entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950,
173 L. Ed. 2d 868 (2009). A claim is considered plausible when the plaintiff
"pleads factual content that allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged." *Id.* at 678. The complaint must
establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*
(quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

As Ms. Washburn and Mr. Duesenberg have filed Motions To Dismiss, the court accepts all well-pleaded factual allegations by Club Exclusive as true. *Iqbal,* 556 U.S. at 678. However, legal conclusions drawn without the support of factual allegations are not entitled to an assumption of truth. *Id.* at 665.

## III.   ANALYSIS

Ms. Washburn moves to dismiss the two claims filed against her: Count I, Negligent Procurement of Insurance, and Count VI, Breach of Contract To Procure Adequate Insurance Coverage. Mr. Duesenberg similarly moves to dismiss the two claims filed against him: Count II, Negligent Procurement of Insurance, and Count VII, Breach of Contract To Procure Adequate Insurance Coverage. Because both Negligent Procurement of Insurance Counts fail as matter of law due to Club Exclusive's own contributory negligence, those Counts are discussed together below. Similarly, because both Breach of Contact To Procure Insurance claims are barred by the merger doctrine, those Counts are discussed together below.

### A.    Club Exclusive's Negligent Procurement Claims Are Barred by its own Contributory Negligence

In Count I, Club Exclusive has brought a negligent procurement of insurance claim against Ms. Washburn. (Doc. 12 at 35-41, ¶¶20-30). In Count II,

Club Exclusive has brought a negligent procurement of insurance claim against Mr. Duesenberg. (Doc 12 at 41-47, ¶¶31-41).

Under Alabama law, a "claim in tort alleging negligent failure of an insurance agent to fulfill a voluntary undertaking to procure insurance . . . requires demonstration of the classic elements of negligence, *i.e.*, '(1) duty, (2) breach of duty, (3) proximate cause, and (4) injury.'" *Kanellis v. Pac. Indem. Co.*, 917 So.2d 149, 155 (Ala. Civ. App. 2005). Once an insurance agent "undertakes to procure insurance for a client," the agent owes a duty "to exercise reasonable skill, care and diligence in effecting" the coverage. *Highlands Underwriters Ins. Co. v. Elegante Inns, Inc.*, 361 So. 2d 1060, 1065 (Ala. 1978).

However, contributory negligence is a complete defense to a negligence claim under Alabama law. *Alfa Life Ins. Corp. v. Colza*, 159 So. 3d 1240, 1248 (Ala. 2014) (citing *Mitchell v. Torrence Cablevision USA, Inc.*, 806 So.2d 1254, 1257 (Ala. Civ. App. 2000)). Applying Alabama's strict contributory negligence standard to procurement claims, the Alabama Supreme Court held that "any negligent-procurement claim is barred by the doctrine of contributory negligence" and judgment as a matter of law in favor of an agent is required "when documents available to the insured clearly indicate that the insurance in fact procured for the insured is not what the insured subsequently claims he or she requested the agent

6

to procure." *Alfa*, 159 So. 3d at 1255; *see id.* at 1252 ("By not reading the documents, they took a risk and put themselves in danger's way. We do not think it unreasonable to conclude as a matter of law that, in this day and age, any adult of sound mind capable of executing a contract necessarily has a conscious appreciation of the risk associated with ignoring documents containing essential terms and conditions related to the transaction that is the subject of the contract.").

Club Exclusive concedes that insurance was procured by Liberty and that the policy was in full force and effect at all times relevant to this case. (Doc. 12 at 30, ¶ 9). Therefore, this court finds as a matter of law that Club Exclusive had a duty to read the policy and therefore cannot recover on its negligent procurement of insurance claims against either Ms. Washburn or Mr. Duesenberg.  The court does not need to reach the merits of the other issues raised by Ms. Washburn and Mr. Duesenberg in responding to Counts I and II because Club Exclusive's negligent procurement of insurance claims fail as a matter of law based on Alabama's contributory negligence standard as set out in *Alfa*.

B.   **Club Exclusive's Breach of Contract To Procure Insurance
     Claims Are Barred by the Merger Doctrine**

In Count VI, Club Exclusive filed a claim against Ms. Washburn for Breach of Contract To Procure Insurance. (Doc. 12 at 61-65, ¶¶59-63). In Count VII, Club

Exclusive filed an almost identical claim against Mr. Duesenberg. (Doc. 12 at 65-68, ¶¶ 64-68).

Once parties have come to an agreement on the procurement of insurance, "the agent or broker must exercise reasonable skill, care, and diligence in effecting coverage." *Cornett v. Johnson*, 578 So.2d 1259, 1262 (Ala. 1991) (citing *Waldon v. Commercial Bank*, 281 So.2d 279, 282 (Ala. Civ. App. 1973)). Under Alabama law, "when an insurance agent or broker, with a view to compensation, undertakes to procure insurance for a client, and unjustifiably or negligently fails to do so, he becomes liable for any damage resulting therefrom." *Timmerman Ins. Agency v. Miller*, 285 Ala. 82, 85, 229 So. 2d 475, 477 (1969). When an insurance broker or agent fails in the fiduciary duty he assumes, he can be sued either for breach of contract or in tort. *Highlands Underwriters Ins. Co. v. Elegante Inns, Inc.*, 361 So.2d 1060, 1065 (Ala. 1978).

However, under Alabama law, "[i]t is the rule that if the policy is accepted by the insured, he is bound thereby even though the policy does not correspond to the preliminary negotiations. The oral negotiations for the policy are merged into the accepted policy." *Langley v. Mut. Fire, Marine & Inland Ins. Co.*, 512 So. 2d 752, 766 (Ala. 1987)(citing *Smith v. Protective Life Ins. Co., Inc.*, 355 So.2d 728, 730 (Ala. Civ. App. 1978)), overruled on other grounds by *Hickox v. Stover*, 551

So. 2d 259 (Ala. 1989)(applying the merger doctrine to a breach of contract to procure insurance claim).

The principle of the merger doctrine is "well embedded in our law." *Smith*, 355 So.2d at 728. "It is familiar law that a contract of insurance is essentially like all other contracts, and governed by general rules of contract . . . all parol negotiations, understandings, and agreements are merged into the written policy." *Farmers & Merchants Bank v. Home Ins. Co.*, 514 So.2d 825, 831 (Ala. 1987)(citing *Hartford Fire Insurance Co. v. Shapiro*, 270 Ala. 149, 153-55 (Ala. 1960)).

The merger doctrine has been applied to breach of contract to procure insurance claims by the Alabama Supreme Court. *Langley*, 512 So.2d at 766. As a district court within this Circuit has summarized,

> [D]ecisions issued by the Alabama Supreme Court and by the Court of Appeals for the Eleventh Circuit applying Alabama law have consistently applied the merger doctrine. See, e.g., Sexton v. Liberty Nat. Life Ins. Co., 405 So.2d 18, 22 (Ala.1981) ("It is the rule that if the policy is accepted by the insured, he is bound thereby even though the policy does not correspond to the preliminary negotiations. The oral negotiations for the policy are merged in the accepted policy.... This principle is well embodied in our law.") (quoting Smith v. Protective Life Ins. Co., 355 So.2d 728, 730 (Ala. Civ. App.1978)) (relying on Hartford Fire) (other citations omitted); Farmers & Merchants Bank v. Home Ins. Co., 514 So.2d 825, 830–31 (Ala.1987) ("Here, however, the written policy of insurance was issued subsequent to the agent's allegedly making oral representations that were contrary to the

provisions of the written insurance contract. The instant facts, therefore, do invoke the application of the doctrine of merger, thereby precluding any consideration of the alleged prior representations of [the insurance agent] as to coverage.") (relying on Hartford Fire); Langley v. Mut. Fire, Marine, and Inland Ins. Co., 512 So.2d 752, 766 (Ala.1987) (same) (overruled on other grounds); First Ala. Bank of Montgomery N.A., v. First State Ins. Co ., 899 F.2d 1045, 1069–70 (11 th Cir.1990) (applying Alabama law) (same).

*Concrete Metal Forms, Inc. v. Cole-Farley & Associates, Inc.*, 2000 WL 1848162, at *5 (S.D. Ala. Dec. 6, 2000).

However, an insurance broker or agent can assume additional duties by an express agreement. *First Alabama Bank of Montgomery, N.A. v. First State Ins. Co.*, 899 F.2d 1045, 1068-69 (11th Cir. 1990). Whether an agent or broker "assumes additional responsibilities depends on the relationship between the parties." *Id.*

In *First Alabama*, the broker assumed additional express duties after giving an oral presentation and submitting a written proposal in order to become the insured's exclusive insurance broker. *First Alabama,* 899 F.2d at 1068. The Eleventh Circuit held that the merger doctrine did not bar the insured's breach of contract claim against the broker because "this was not *merely* a contract to procure insurance. [The broker] agreed to 'provide the expertise necessary to meet [the insured]'s needs'" by shopping the market and making the insured aware of

all alternatives. *Id.* at 1068-9 (emphasis added).

Unlike in *First Alabama*, Club Exclusive has not pled any facts to show that either Ms. Washburn or Mr. Duesenberg expressly assumed any additional duties. Club Exclusive concedes that it purchased and accepted the policy and that the policy was in full force and effect at all times relevant to this action. (Doc. 12 at 30, ¶ 9). Club Exclusive claims that it "purchased the subject policy for the express and primary purpose of insuring against any and all risks of property damage to its building and contents," (doc. 12 at 30, ¶11), and only asserts that Ms. Washburn and Mr. Duesenberg agreed "to exercise reasonable skill, care, and diligence in effecting the coverage needed by Plaintiff." (*Id.* at 62, ¶60 and 65, ¶65). In so alleging, Club Exclusive merely reiterated the standard set out in *Cornett v. Johnson*, 578 So.2d 1259, 1262 (Ala. 1991). Club Exclusive's only evidence that Ms. Washburn and Mr. Duesenberg failed to procure adequate insurance coverage is "Defendant Liberty's failure to pay for damages caused by fire." (Doc. 12 at 62, ¶ 62 and 66, ¶67).

Club Exclusive merely claims that Ms. Washburn and Mr. Duesenberg breached a contract to procure insurance, not that Ms. Washburn or Mr. Duesenberg assumed any additional duties by express agreement. Therefore, Alabama's merger doctrine bars the breach of contract to procure insurance claims

made by Club Exclusive against Ms. Washburn and Mr. Duesenberg.

## IV.    CONCLUSION

Accordingly, Ms. Washburn's and Mr. Duesenberg's Motions To Dismiss are hereby **GRANTED**. Club Exclusive's claims against Ms. Washburn and Mr. Duesenberg for negligent procurement of insurance and breach of contract to procure insurance are hereby **DISMISSED.**

**DONE** and **ORDERED** this the 24th day of October, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

12