IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LIBERTY CORPORATE CAPITAL LIMITED,** | )<br>)<br>) |
| Plaintiff/Counterclaim Defendant, | )<br>)<br>) |
| v. | ) Case No.: 1:16-CV-791-VEH<br>) |
| **CLUB EXCLUSIVE, INC.,** | )<br>) |
| Defendant/Counterclaim Plaintiff. | )<br>) |

## MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**[1]

Plaintiff/Counterclaim Defendant Liberty Corporate Capital Limited ("Liberty") initiated this insurance action on May 13, 2016. (Doc. 1). Liberty sued Defendant/Counterclaim Plaintiff Club Exclusive, Inc., ("Club Exclusive") for a declaratory judgment of its rights and obligations under a commercial insurance policy (the "Policy") issued to Club Exclusive. (*Id.*; doc. 6). Club Exclusive answered Liberty's complaint and, *inter alia*, counterclaimed against Liberty on June 22, 2016. (Doc. 12).

---

[1] A more detailed procedural background and factual background are set out in the Court's Memorandum Opinion dated July 25, 2018. (Doc. 49).

On October 17, 2016, Liberty filed a Motion for Summary Judgment (the "Rule 56 Motion"). (Doc. 36). Club Exclusive failed to respond to the Rule 56 Motion. The Court then granted the Rule 56 Motion. (Doc. 38; doc 39). Subsequently, however, Club Exclusive moved to set aside the Rule 56 judgment in accordance with the excusable neglect standard under Federal Rule of Civil Procedure 60(b). (Doc. 40). The Court granted Club Exclusive's request for post-judgment relief (doc. 43) and thus vacated its prior summary judgment opinion (doc. 38) and final judgment order (doc. 39).

Club Exclusive then filed its opposition (doc. 44) to the Rule 56 Motion on December 12, 2017. Liberty filed its reply (doc. 46) in support of its Rule 56 Motion on January 5, 2018.

On July 25, 2018, the Court granted in part the Rule 56 Motion. (Doc. 49; doc. 50). The Court declared that Liberty owed no duty or obligation to Club Exclusive under the Policy, rescinded the Policy as void *ab initio*, dismissed with prejudice all of Club Exclusive's counterclaims against Liberty, and, there being no pending claims remaining, dismissed the entire action with prejudice. (Doc. 50).

This case comes once again before the Court on Club Exclusive's Motion To Alter, Amend or Vacate the Judgment of July 25, 2018 (the "Rule 59(e)

Motion").[2] (Doc. 51).[3] Club Exclusive filed its Rule 59(e) Motion and its Memorandum (doc. 51-1) in support of its Rule 59(e) Motion on August 22, 2018. Liberty filed its opposition (doc. 53) to the Rule 59(e) Motion on August 31, 2018. The Court did not permit Club Exclusive to file a reply in support of its Rule 59(e) Motion. (*See* doc. 52). Thus, the Rule 59(e) Motion is ripe for review. For the reasons stated in this opinion, the Rule 59(e) Motion is due to be **DENIED**.

## II.  STANDARD

"The decision to alter or amend judgment [pursuant to Rule 59(e)] is

---

[2] Although Federal Rule of Civil Procedure 59(e) refers only to "[a] motion to alter or amend a judgment," *see* FED. R. CIV. P. 59(e), Rule 59(e) "also has been interpreted as permitting a motion to vacate a judgment rather than merely amend it." 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed. 2018) (footnote omitted). In addition to moving to amend, alter, or vacate the Rule 56 judgment, as indicated in the title of its Rule 59(e) Motion, Club Exclusive also states that "[a] Rule 59(e) motion is a proper vehicle to seek reconsideration of a summary judgment." (Doc. 51-1 at 5, ¶ 24) (citing *Mays v. U.S. Postal Serv.*, 122 F.3d 43 (11th Cir. 1997)). To the extent that Club Exclusive is also moving for reconsideration, the Court, based on the relief that Club Exclusive is seeking, agrees with Club Exclusive that this should be treated as part of the Rule 59(e) Motion. More specifically, because Club Exclusive is requesting that the Court set aside its judgment on the Rule 56 Motion so that the case can be reinstated and proceed to trial on the merits (doc. 51-1 at 9), Club Exclusive's motion is "properly characterized as a Rule 59(e) motion." *See Mays*, 122 F.3d at 46 ("A post-judgment motion may be treated as made pursuant to either Fed.R.Civ.P. 59 or 60—regardless of how the motion is styled by the movant—depending on the type of relief sought. Here, the relief sought was the <u>setting aside of the grant of summary judgment</u>, denial of the defendant's motion for summary judgment, and <u>trial on the merits of the case</u>. Thus, it is <u>properly characterized as a Rule 59(e) motion to alter or amend the judgment</u>, rather than a Rule 60 motion for relief from the judgment." (emphases added) (footnote omitted)).

[3] In its Rule 59(e) Motion, Club Exclusive refers to "the hearing on this motion." (Doc. 51 at 3). However, Club Exclusive never requested a hearing on its Rule 59(e) Motion. To the extent that Club Exclusive's reference to "the hearing on this motion" (*id.*) can be construed as a request for a hearing, it is **DENIED**.

committed to the sound discretion of the district judge . . . ." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing *Futures Trading Comm'n v. Am. Commodities Grp.*, 753 F.2d 862, 866 (11th Cir. 1984); *McCarthy v. Mason*, 714 F.2d 234, 237 (2d Cir. 1983); *Weems v. McCloud*, 619 F.2d 1081, 1098 (5th Cir. 1980)[4]). However, "reconsideration of a judgment pursuant to Rule 59(e) . . . is 'an extraordinary remedy which should be used sparingly.'" *Daker v. Warren*, No. 10-3815, 2012 WL 2403437, at *4 (N.D. Ga. June 25, 2012) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1). In fact, "[t]he extremely limited nature of the Rule 59(e) remedy cannot be overstated." *Lee v. Thomas*, No. 10-587, 2012 WL 3137901, at *2 n.1 (S.D. Ala. Aug. 1, 2012) (emphasis added); *Jenkins v. Dunn*, No. 08-869, 2017 WL 1927861, at *2 (N.D. Ala. May 10, 2017) (emphasis added) (quoting *Lee*, 2012 WL 3137901, at *2 n.1) (stating that there is only a "limited scope of relief that is available to a litigant under Rule 59(e)"). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Jones v. Thomas*, 605 F. App'x 813, 814 (11th Cir. 2015) (alteration in original) (emphasis added) (quoting *Arthur v. King*, 500

---

[4] This is binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding on all federal courts in the Eleventh Circuit).

4

F.3d 1335, 1343 (11th Cir. 2007) (alteration in original)). "In order to demonstrate clear error, the party must do more than simply restate his previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *Atl. Mut. Ins. Co. v. Am. Cas. Co. of Reading, Pa.*, No. 08-1737, 2010 WL 11508266, at *1 (M.D. Fla. Mar. 23, 2010) (quoting *O'Neill v. Home Depot U.S.A., Inc.*, 243 F.R.D. 469, 483 (S.D. Fla. 2006)).

"A Rule 59 motion <u>cannot</u> be used 'to relit[i]gate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Jones*, 605 F. App'x at 814 (emphasis added) (quoting *Arthur*, 500 F.3d at 1343); *see also Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed."); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) ("Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued." (citing *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990))). "Denial of a motion to amend is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.'" *O'Neal*, 958 F.2d at 1047 (quoting *Lussier*, 904 F.2d at 667).

III. ANALYSIS

In its Rule 59(e) Motion and its Memorandum in support of its Rule 59(e) Motion, Club Exclusive argues that the Court's judgment on the Rule 56 Motion was "based on [] clear error and [] [was] manifestly unjust."[5] (Doc. 51 at 2; doc. 51-1 at 1). However, the Court need not separately consider Club Exclusive's argument that the Court's judgment on the Rule 56 Motion was "manifestly unjust" because Club Exclusive never explains how the judgment was "manifestly unjust" beyond stating that the Court committed clear errors of fact and law. (*See* doc. 51-1 at 5, ¶ 25) ("[The Court's] decision was manifestly unjust in that the Court made conclusions as to law and fact that were not supported by the evidence."). Thus, the Court will only address Club Exclusive's argument that the Court committed "clear error."

Club Exclusive appears to make two arguments as to how the Court committed clear error. (*See id.* at 5, 7-8, ¶¶ 27-28, 31-33, 35). First, Club Exclusive argues the following:

> 27. Mrs. White testified that she used money that she had acquired and that she appropriated for business purposes. The Court segregated

---

[5] Although the Eleventh Circuit has repeatedly stated that "[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact," *see, e.g.*, *Jones*, 605 F. App'x at 814 (alteration in original) (emphasis added) (quoting *Arthur*, 500 F.3d at 1343 (alteration in original)), some district courts in the Eleventh Circuit have also stated that another "ground[] on which a Rule 59(e) motion may be granted" is "[t]o prevent manifest injustice." *See, e.g.*, *Simionescu v. Bd. of Trs. of Univ. of Ala.*, No. 10-1518, 2011 WL 13187279, at *1 (N.D. Ala. Nov. 9, 2011).

> the funds used for the building and contents and, despite Mrs. White's testimony to the contrary, concluded that she used her personal funds and not money appropriated for business purposes.

(*Id.* at 5, ¶ 27). The Court will construe this as an argument that the Court committed a clear error of fact when it concluded that Antineeka White "used her personal funds," instead of "money appropriate for business purposes," to acquire the "building and [its] contents." (*See id.*) Second, Club Exclusive argues that the Court committed a clear error of law when it found that Club Exclusive was a "tenant at sufferance" instead of a "tenant at will" and thus incorrectly "conclud[ed] that Club Exclusive had no insurable interest in the property." (*See id.* at 5, 7-8, ¶¶ 28, 31-33, 35). However, neither of these two arguments is appropriate to make in a Rule 59(e) motion. The Court will address the two arguments in turn.

> A. **Club Exclusive Cannot Properly Argue that the Court Erred in Concluding that Ms. White Used Her Personal Funds Because these Facts Were Already Litigated**

The Court construes Club Exclusive's Rule 59(e) Motion as arguing that the Court committed an error of fact by reaching a wrong conclusion on the matter of what the undisputed facts were, namely, whether Ms. White used her personal funds to acquire the building and its contents. (*See id.* at 5, ¶ 27). To support this argument, Club Exclusive states—without providing any citation to the

7

record—that "Mrs. White's testimony [is] . . . contrary" to what the Court found. (*See id.*) However, this is a matter that was already litigated (*see, e.g.*, doc. 49 at 3 n.5, 4).

Further, in its opposition to the Rule 56 Motion, Club Exclusive did not properly dispute Liberty's representation that Ms. White used her personal funds and also never cited Ms. White's testimony to dispute Liberty's representation.[6] (*See* doc. 44). Under Appendix II to the Court's Uniform Initial Order (doc. 2), Club Exclusive was required to "submit a statement of facts divided" into three sections. (*Id.* at 17). The first section was required to "consist of only [Club Exclusive's] disputes, if any, with [Liberty's] claimed undisputed facts." (*Id.*) Liberty listed the following two facts as undisputed: (1) "Ms. White built a commercial building (the 'Building') on the Property using her <u>personal funds</u>," and (2) "Ms. White also paid for the contents of the Building with her <u>personal funds</u>. She never transferred the ownership of such contents to Club Exclusive." (Doc. 36 at 5, ¶¶ 5, 7) (emphases added) (citations omitted). Club Exclusive failed to contest these facts' undisputed status. (*See* doc. 44 at 3-5) (failing to include a

---

[6] However, despite Club Exclusive not citing Ms. White's testimony, the Court reviewed, *inter alia*, the relevant portions of Ms. White's Examination Under Oath (doc. 36-1) when determining the undisputed facts. (*See* doc. 49 at 3 n.5). Thus, this factual dispute that Club Exclusive now raises would not change the Court's conclusion on the matter of what the undisputed facts were.

8

section disputing Liberty's undisputed facts, as required by Appendix II to the Court's Uniform Initial Order, and thus failing to dispute any of Liberty's undisputed facts) (*see also* doc. 49 at 3 n.5) ("[Club Exclusive] failed to oppose any of Liberty's factual allegations when responding to the Rule 56 Motion . . . ." (citing doc. 44)). Instead, Club Exclusive now disputes <u>for the first time</u> whether Ms. White used personal funds. Club Exclusive is too late.

Because this matter was already litigated and because Club Exclusive is now raising a factual dispute that it was required to raise in its opposition to the Rule 56 Motion, Club Exclusive's Rule 59(e) Motion, to the extent Club Exclusive argues that the Court committed a clear error of fact, will be denied. *See Jones*, 605 F. App'x at 814 (quoting *Arthur*, 500 F.3d at 1343).[7]

### B. Club Exclusive Cannot Properly Argue that It Was a Tenant at Will Because Club Exclusive Presents a New Argument

Club Exclusive argues that the Court committed a clear error of law when it found that Club Exclusive was a "tenant at sufferance" instead of a "tenant at will" and thus incorrectly "conclud[ed] that Club Exclusive had no insurable interest in

---

[7] Further, the Court disagrees that it committed a clear error of fact. (*See, e.g.*, doc. 12 at 6, ¶ 9) ("[Club Exclusive] admits the allegations of Paragraph 9[, which stated that 'Ms. White built a commercial building (the 'Building') on the Property using her <u>personal funds</u>.' (doc. 6 at 3, ¶ 9) (emphasis added)].") (*see also, e.g.*, doc. 12 at 36-37, 43, ¶¶ 24, 35) ("[Ms. White] was in the process of starting up a business and was therefore using her <u>personal funds</u> to build the structure and to furnish the business personal property." (emphasis added)).

9

the property." (*See* doc. 51-1 at 5, 7-8, ¶¶ 28, 31-33, 35). However, as Liberty points out, this is a new argument that Club Exclusive makes for the first time in its Rule 59(e) Motion. (*See* doc. 53 at 6-7). Because this is a new "argument . . . that could have been raised prior to the entry of judgment," it is not a proper argument to raise in a Rule 59(e) motion. *See Jones*, 605 F. App'x at 814 (quoting *Arthur*, 500 F.3d at 1343); *see also Stone*, 135 F.3d at 1442; *O'Neal*, 958 F.2d at 1047. More specifically, Club Exclusive had two opportunities to raise this argument before the entry of judgment. First, Club Exclusive could have raised this argument in a timely response to Liberty's Rule 56 Motion within twenty-one days after Liberty filed its Rule 56 Motion (or later if Club Exclusive moved for and was granted an extension of time to respond). (*See* doc. 2 at 14) ("The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed."). However, Club Exclusive failed to do so because it failed to initially respond to the Rule 56 Motion, which the Court, upon due consideration, then initially granted. Second, after the Court granted Club Exclusive's request to set aside the Court's initial Rule 56 judgment in accordance with the excusable neglect standard under Federal Rule of Civil Procedure 60(b) (doc. 43), Club Exclusive could have raised this argument in its opposition to the Rule 56 Motion.

However, Club Exclusive failed to do so. (*See* doc. 44)

Further, Club Exclusive should not be surprised that the Court, when ruling upon the Rule 56 Motion, found Club Exclusive to be a tenant at sufferance. Not only did Liberty argue in its Rule 56 Motion that "Club Exclusive was a <u>tenant at sufferance</u>" and thus "did not have an insurable interest in the Property." (*see* doc. 36 at 14-15) (emphasis added), but Club Exclusive even acknowledged this argument in its opposition to the Rule 56 Motion: "Liberty claims Club Exclusive does not have an insurable interest in the property because it was a 'tenant by sufferance' because the lease was not renewed at the time of expiration." (Doc. 44 at 15) (citing doc. 36 at 14). Thus, Club Exclusive was obviously aware of this argument and should have known that it could be accepted by the Court, especially if Club Exclusive did not refute it. Yet, instead of directly refuting Liberty's tenant-at-sufferance argument with the argument that it now makes—that it was a tenant at will—Club Exclusive chose to present two other arguments: (1) "that Ms. White never had the intent to evict [Club Exclusive] from the Property because it was her business" (doc. 49 at 27) (citing doc. 44 at 15) and (2) "that Ms. White served as Club Exclusive's promoter or initial incorporator." (*Id.*) (citing doc. 44 at 16-17). However, as the Court noted in its Memorandum Opinion on the Rule 56 Motion, "in presenting both of these arguments, Club Exclusive does not ever

11

explain how either fact, if proven to a jury, transforms its lack of an insurable interest into an insurable one." (*Id.* at 28).

Instead of making these two underdeveloped arguments in its opposition to the Rule 56 Motion, Club Exclusive could have done two other things. First, Club Exclusive could have replaced them with the argument it makes now—that Club Exclusive had an insurable interest in the property because it was a tenant at will. However, Club Exclusive did not do so. Second, Club Exclusive could have focused on its first argument—"that Ms. White never had the intent to evict [Club Exclusive] from the Property because it was her business" (doc. 49 at 27) (citing doc. 44 at 15)—and, as it does in its Memorandum in support of its Rule 59(e) Motion, used that fact to argue in its opposition to the Rule 56 Motion that it was a tenant at will instead of a tenant at sufferance. (*See* doc. 51-1 at 6-7, ¶¶ 29-31). However, Club Exclusive did not do so. Instead, Club Exclusive presented the two underdeveloped arguments described above. And, even though Club Exclusive tries to relate back its argument that it now makes in its Rule 59(e) Motion—that it was a tenant at will—to one of the arguments it actually made in its opposition to the Rule 56 Motion—that Ms. White never intended to evict Club Exclusive—(*see* doc. 51-1 at 7, ¶ 31) ("Based upon Mrs. White's testimony as noted in This [sic] Courts [sic] Memorandum Opinion was [sic] that she never intended to evict Club

Exclusive."), Club Exclusive's argument that it was a tenant at will is still a new argument that is improperly presented in a Rule 59(e) motion. This is because "a passing reference to an issue in a brief [is] insufficient to properly raise that issue." *See Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 n.4 (11th Cir. 2005) (citing *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989)). "A party who aspires to oppose a summary judgment motion must spell out his arguments <u>squarely and distinctly</u>, or else forever hold his peace." *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (emphasis added) (citing *Sammartano v. Palmas del Mar Props., Inc.*, 161 F.3d 96, 97-98 (1st Cir. 1998); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988)). Club Exclusive's passing reference to its argument that Ms. White never intended to evict it, without "any on-point development" (doc. 49 at 28), certainly does not equate to being an argument that "squarely and distinctly" sets forth why Club Exclusive was a tenant at will instead of a tenant at sufferance.[8] Thus, Club Exclusive's argument that it

---

[8] In fact, as Liberty points out in its opposition to the Rule 59(e) Motion, the argument that Ms. White never intended to evict Club Exclusive is not sufficient to show that Club Exclusive was a tenant at will:

> In contrast to Club Exclusive's contention, Ms. White's statement that she did not intend to kick Club Exclusive out of the Property does not alter Club Exclusive's status as a tenant at sufferance. As Club Exclusive quotes from *Buchmann, et al. v. Callahan*, 222 Ala. 240, 241 (Ala. 1930), "[a] tenant at

13

was a tenant at will instead of a tenant at sufferance is a new argument that cannot be raised for the first time in its Rule 59(e) Motion. *See Jones*, 605 F. App'x at 814 (quoting *Arthur*, 500 F.3d at 1343); *see also Stone*, 135 F.3d at 1442; *O'Neal*, 958 F.2d at 1047.

Finally, despite already having had two opportunities to raise the argument that it had an insurable interest in the property because it was a tenant at will instead of a tenant at sufferance, Club Exclusive does not provide any reason why it failed to raise this argument in its opposition to the Rule 56 Motion. (*See* doc. 51; doc. 51-1). Because Club Exclusive "fail[s] to articulate [in its Rule 59(e) Motion] any reason for the failure to raise the issue at an earlier stage in the litigation," denial of its Rule 59(e) Motion is "especially" warranted. *See O'Neal*,

---

> sufferance enters lawfully and holds over wrongfully without the landlord's assent or dissent. But a tenant at will holds over by the landlord's permission." The Supreme Court of Alabama further explained, "[i]f the [tenant] is permitted to remain in possession he is a tenant at will, but if his possession is without the [landlord's] assent or dissent, then he is a tenant at sufferance merely." *Id.* at 242.
>
> Here, there is no evidence that Ms. White gave Club Exclusive permission to continue possessing the Property. Her statement is merely that her intent "wasn't never to kick out Club Exclusive." (CM/ECF Doc. 36-1, p. 32). This statement is not permission to stay; at most, it is evidence of a lack of dissent.

(Doc. 53 at 8-9) (alterations in original). Thus, even if the Court were now to consider Club Exclusive's argument for the first time that it was a tenant at will, because Club Exclusive's argument is "[b]ased [solely] upon Mrs. White's testimony . . . that she never intended to evict Club Exclusive" (doc. 51-1 at 7, ¶ 31), this new argument would not change the Court's finding that Club Exclusive was a tenant at sufferance.

958 F.2d at 1047 (quoting *Lussier*, 904 F.2d at 667).

## IV. CONCLUSION

Club Exclusive's arguments that the Court committed a clear error of fact and a clear error of law are not proper arguments to make in a Rule 59(e) Motion. The matter of what facts were undisputed was already litigated, and Rule 59(e) cannot be used to relitigate this matter. *See Jones*, 605 F. App'x at 814 (quoting *Arthur*, 500 F.3d at 1343). Further, Club Exclusive had two previous opportunities to raise its argument that it was a tenant at will instead of a tenant at sufferance, and Rule 59(e) cannot be used to now raise this argument for the first time. *See id.*; *see also Stone*, 135 F.3d at 1442; *O'Neal*, 958 F.2d at 1047. Club Exclusive will not be afforded a "[third] bite at the apple." *See O'Neal*, 958 F.2d at 1047. Accordingly, the Rule 59(e) Motion is **DENIED**.

**DONE** and **ORDERED** this the 3rd day of October, 2018.

**VIRGINIA EMERSON HOPKINS**
Senior United States District Judge